UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANAH MANDUJANO, | No. 2:23-cv-02385-DJC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| KATHERINE LESTER, et al., | |
| Defendants. | |

Plaintiff Yanah Mandujano, appearing pro se, filed this fee paid complaint against Defendants Katherine Lester, "Unnamed Sacramento Police Officer," Darren Pytel, "Unnamed" Davis Police Officer, and Rob Bonta. (ECF No. 1.)[1] Defendants filed a series of separate motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), which were set to be heard on March 6, 2024. (ECF Nos. 5, 8, 9.) The undersigned took Defendants' motions under submission without oral argument in accordance with Local Rule 230(g). (ECF No. 14.) On May 5, 2024, Plaintiff filed a First Amended Complaint. (ECF No. 16.) On March 22, 2024, Defendant Bonta filed a motion to dismiss the First Amended Complaint, which was set to be heard on May 1, 2024. (ECF No. 20.) On April 26, 2024, the undersigned construed Plaintiff's First Amended Complaint as a motion for leave to file an amended complaint pursuant to Rule 15(a)(2) and

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

Defendant Bonta's motion (ECF No. 20) as an opposition to Plaintiff's motion for leave, and vacated the May 1, 2024, hearing. (ECF No. 21.)

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As a general matter, courts apply Rule 15(a) with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.2003). When determining whether to grant leave to amend, the court considers the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). In the Ninth Circuit, courts liberally grant pro se plaintiffs leave to amend, as it is generally presumed that pro se plaintiffs are unskilled in the law and are more prone to pleading errors than those litigants who are represented by counsel. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). This policy aligns with Rule 15's underlying purpose of facilitating decisions on the merits, rather than on technicalities. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation marks omitted).

Here, there is no indication that allowing Plaintiff to amend the complaint would implicate any of the Forman factors. Accordingly, and considering Plaintiff's pro se status, the court GRANTS Plaintiff leave to amend the complaint. Plaintiff's proposed amended complaint (ECF No. 16) will be deemed the operative complaint. In light of Plaintiff's amended complaint, Defendants' motions to dismiss (ECF Nos. 5, 8, 9) are DENIED as moot.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 16), is GRANTED;
2. Defendants' motion to dismiss (ECF Nos. 5, 8, 9) are DENIED as moot; and
3. The Clerk of the Court is directed to separately docket Plaintiff's proposed First Amended Complaint as the operative complaint in this action.

Dated:  September 3, 2024

/s/ Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, mand2385.23