UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANAH MANDUJANO,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE LESTER, et al.<br><br>Defendants. | No.  2:23-2385-DJC-CKD (PS)<br><br><br><br>ORDER |

Plaintiff initiated this action on October 19, 2023, with a fee-paid complaint. (ECF No. 1.) Because plaintiff proceeds without counsel, this matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

### I.     PROCEDURAL BACKGROUND

On January 18, 2024, defendants Rob Bonta, Katherine Lester, Sacramento Police Department, and Unnamed Sacramento Police Officer filed motions to dismiss. (ECF Nos. 5, 8.) On January 22, 2024, defendant City of Davis filed a motion to dismiss. (ECF No. 9.) Defendants Rob Bonta, Katherine Lester, Sacramento Police Department, Unnamed Sacramento Police Officer, and City of Davis (hereinafter referred collectively as "defendants") noticed their motions to dismiss for a March 6, 2024, hearing.

On February 27, 2024, the Court issued an order vacating the March 6, 2024, hearing due to plaintiff's failure to file a timely opposition or statement of non-opposition to the motions to

dismiss. (ECF No. 14.) The Court informed parties that "[a]fter the expiration of the deadlines (…), the court will decide the matter on the record and written briefing only." (Id. at 2.)

On March 5, 2024, plaintiff filed an opposition to the motions as well as a First Amended Complaint. (ECF Nos. 15 and 16.) On March 6, 2024, plaintiff filed an amended opposition to the motions to dismiss (ECF No. 17.) Defendants Katherine Lester, Sacramento Police Department, Unnamed Sacramento Police Officer, and City of Davis filed their replies to plaintiff's oppositions. (ECF Nos. 18, 19.)  Because plaintiff filed the FAC well over 21 days after service of the motions to dismiss, the Court construed plaintiff's FAC as a motion for leave to file an amended complaint pursuant to Rule 15(a)(2). (ECF No. 21.) The Court further construed defendant Rob Bonta's motion to dismiss (ECF No. 20) as an opposition to plaintiff's motion for leave to file an amended complaint. Id.  On September 4, 2024, the Court granted plaintiff leave to amend the complaint and deemed plaintiff's proposed amended complaint (ECF No. 16) the operative complaint. (ECF No. 24.) The Court further denied as moot defendants' motions to dismiss (ECF Nos. 5, 8, 9).

On September 18, 2024, defendant Katherine Lester filed a motion to dismiss the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 27.)  On the same day defendant City of Davis filed a motion to dismiss the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 28.)   On September 24, 2024, defendant Rob Bonta filed a motion to dismiss the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 30.)  Plaintiff failed to file an opposition to any of the motions to dismiss, so the Court vacated the hearings pursuant to Local Rule 230(c) and deemed the matters submitted on the papers. (ECF No. 33.)

Accordingly, the Court now turns to the motions to dismiss. For the reasons set forth below, the FAC fails to state a claim and the motions to dismiss should be granted.

**II.  CLAIMS**

The FAC is difficult to follow but appears to allege (1) violations of Plaintiff's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. section 1983; (2) violations of the Americans with Disabilities Act; (3) discrimination under 34 U.S.C. § 10228; (4) violations of the

2

1  Indian Child Welfare Act; and (5) a violation of Plaintiff Second Amendment rights. (ECF No.
2  16.)  The claims seem to stem from an interaction with an unnamed officer of the Sacramento
3  Police Department (SPD) on October 3, 2023; an interaction with the City of Davis Police
4  Department on April 12, 2023, regarding a restraining order; and Plaintiff's desire for improved
5  oversight by Attorney General Bonta. Id. at 7-8.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

#### B. Claims Against Municipalities

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which

he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

### C. Claims Against the Attorney General

In the absence of a waiver by the state or a valid congressional override, agencies of the state are immune under the Eleventh Amendment from private damage suits and suits for injunctive relief brought in federal court. See Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). Eleventh Amendment immunity also generally bars suits against state officials in their official capacities because such a suit is against the official's office. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

### D. ADA Claims

To state a claim under Title II of the ADA, a plaintiff must allege that: (1) she is a qualified individual with a disability; (2) she was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial, or discrimination was by reason of her disability. See Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

### E. Indian Child Welfare Act

The Indian Child Welfare Act (ICWA) is federal statute that aims to keep Indian children connected to Indian families; it governs state court adoption and foster care proceedings involving Indian children. 25 U.S.C.A. § 1901 et. seq. See Haaland v. Brackeen, 599 U.S. 255, 265.

### F. Pattern or Practice of Law Enforcement Conduct

34 U.S.C. § 12601 provides a remedy for systemic violations of constitutional rights by law enforcement agencies. This section authorizes the Attorney General to bring a civil enforcement action to "obtain appropriate equitable and declaratory relief to eliminate the pattern

4

or practice." 34 U.S.C. § 12601(b). There is no private right of action to enforce this section. See Gumber v. Fagundes, No, 21-cv-03155-JCS, 2021 WL 4311904 *5 (N.D.CA July 3, 2021) (recommending dismissal of claim under 34 U.S.C. § 12601 because there is no private right of action under that provision).

## IV.  DISCUSSION

### A. Defendants City of Sacramento and Lester

The FAC names the City of Sacramento and Chief of Police Katherine Lester as a defendant based solely on her official supervisory capacity. (ECF No. 16 at 2.) Defendants argue that while plaintiff "does state that she was arrested by an unnamed Sacramento Police Officer, she does not provide a named officer as a Defendant, and she also fails to make a factual connection between her interaction with SPD on October 3rd and any City custom or policy which promoted or caused the interaction." (ECF No. 27-1 at 5.)

As noted above, claims brought under 42 U.S.C. section 1983 for supervisory liability are improper. Monell, 436 U.S. 658, 694 (1978). To plead a claim against a municipality under section 1983, a plaintiff must make a factual showing that her constitutional injury was caused by an employee acting pursuant to the municipality's policy or custom. Id.  Plaintiff has failed to provide any facts suggesting the existence of a municipal custom or policy promoting the violations alleged in order for direct liability for defendant Lester to flow under section 1983. Plaintiff's claims asserted against defendants City of Sacramento and Lester should be dismissed pursuant to Rule 12(b)(6).

### B. Defendant Bonta

Defendant Bonta argues that "[t]he FAC does not include any allegations or specificity regarding whether plaintiff names Bonta in his official capacity, as the Attorney General of the State of California, or in his individual capacity. To the extent that the FAC names Bonta in his official capacity, it is barred by the Eleventh Amendment to the United State Constitution." (ECF No. 30 at 10.)  The Court's review of the FAC demonstrates no allegations creating a causal connection between defendant Bonta and any violation of plaintiff's rights. Thus, plaintiff has not alleged "enough facts to state a claim for relief that is plausible on its face," Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007).

It also appears that plaintiff's claims against defendant Bonta are barred by the Eleventh Amendment which generally prohibits lawsuits against states and state officers in federal court unless the state has unequivocally consented to such a suit or Congress has abrogated the state's immunity. U.S. Const. amend XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), see also Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") The Eleventh Amendment's jurisdictional bar applies regardless of the nature of the relief sought, including declaratory and injunctive relief. See id. at 101 (1984).

The Supreme Court recognized a limited exception to Eleventh Amendment immunity in Ex Parte Young, 209 U.S. 123 (1908), which permits "actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012). However, for that exception to apply, the state officer must have a connection with the enforcement of the allegedly unconstitutional statute. Long v. Van de Kamp, 961 F.2d 151, 152 (9th Cir. 1992).

As the FAC includes no facts regarding defendant Bonta and fails to suggest that any Ex Parte Young exception might apply, plaintiff's claims asserted against defendant Bonta should be dismissed under Rule 12(b)(6).

### C. Defendants City of Davis Police Department and Darren Pytel

Plaintiff alleges that on April 12, 2023, unnamed Davis police officers responded to her family's home and attempted to enforce a non-existent court order and convince her to relinquish her rights. (ECF No. 16 at 7.) Plaintiff claims that the interaction caused emotional distress to a family member. Id. Plaintiff asserts that there has been a pattern of wrongful 5150 holds by the Davis Police Department since 2006, including between 2008 and 2011.[1] Id. The FAC names

---

[1] Plaintiff's allegations of wrongs committed between 2006 and 2011 are time-barred. Claims under 42 U.S.C. § 1983 are governed by the state's personal injury statute of limitations of two

defendant Pytel, who was the Davis Police Department Police Chief at the time, and the City of Davis Police Department as defendants. However, the FAC contains no allegations that plaintiff was injured as a result of employees acting pursuant to any policy or custom of the City of Davis Police Department. Id. Accordingly, there is no cognizable claim against the City of Davis Police Department or defendant Pytel.

### D.  Defendant Stacy Horigan

Although she was not named in the original complaint, the FAC names Stacy Horigan, former trustee of the Hagie Family Trust, as a defendant. (ECF No. 16 at 3.) On September 4, 2024, the Clerk's Office issued a summons to serve defendant Horigan. (ECF No. 25.)  As plaintiff was advised in the civil new case documents issued on October 19, 2023, Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. (ECF No. 3.) There is no indication that defendant Horigan has been served.

Further, an examination of the FAC reveals that there are no factual allegations against defendant Horigan and that to the extent the Court can decipher a claim, it is clear that defendant Horigan is not properly joined in the FAC.  Plaintiff describes defendant Horigan as "the former trustee of the Hagie Family trust from October 2018 to November 2022 and current listed trustee for property in the Hagie Family Trust." (ECF No. 16 at 8.)  Plaintiff claims a "breach of fiduciary duty and unequal treatment of resident-beneficiaries of the Hagie Family Trust."

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

---

years. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Cal. Civ. Proc. Code § 335.1.

1    In this case, the claims against defendant Hagie are unrelated to the claims against the
2 other defendants and should be dismissed.

### E. Leave to Amend

In sum, the Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The FAC must be dismissed. The court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. See also, Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

While it seems unlikely that plaintiff will be able to state a claim in an amended complaint, given her pro se status, the Court will allow her one opportunity to attempt to cure the deficiencies identified. If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the incidents about which she complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint should be titled "First Amended Complaint" and bear the case

number of this order. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

### IV.     ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant Lester's motion to dismiss (ECF No. 27) is GRANTED;
2. Defendant City of Davis' motion to dismiss (ECF No. 28) is GRANTED;
3. Defendant Bonta's motion to dismiss (ECF No. 30) is GRANTED;
4. Plaintiff's FAC (ECF No. 16) is DISMISSED with leave to amend;
5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.
6. Defendants need not respond to any amended complaint unless so directed by the Court.

Dated:  March 25, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd mandujano2385FR