UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANAH MANDUJANO, | No.  2:23-cv-02385-DJC-CKD |
| Plaintiff, | |
| v. | ORDER |
| KATHERINE LESTER, ET AL., | (ECF No. 46) |
| Defendant. | |

Proceeding pro se, Plaintiff Yanah Mandujano initiated this action on October 19, 2023. (ECF No. 1.) On October 20, 2025, Plaintiff Yanah Mandujano filed a motion to file under seal.[1] (ECF No. 46.) The matter was referred to the undersigned on December 23, 2025. (ECF No. 47.)

Plaintiff identifies HIPAA and authority that is apparently derived from the Child Abuse and Prevention Treatment Act of 1974. The request is deficient according to Local Rule 141 and will be denied.

Requests to seal documents are procedurally governed by Local Rule 141. Documents may only be sealed by written order, upon the showing required by applicable law. *See* Local Rule 141(a).

There is a presumed First Amendment right of access to court proceedings and documents

---

[1]  The request describes the documents but fails to specify where the documents appear in the record.

1

for the press and the public. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The presumed right of access can be overcome if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

A request to seal material must ordinarily meet the "compelling reasons" threshold of supporting secrecy. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). When, however, the material sought to be sealed is at most "tangentially related to the merits of a case," a request to seal may be granted on a showing of "good cause." *Id*.

Plaintiff does not show compelling reasons for sealing material containing information about her medical history. The privacy rule of Health Insurance Portability and Accountability Act (HIPAA) applies to specific covered entities: a health plan, a health care clearinghouse, and a health care provider who transmits health information in electronic form. 45 C.F.R. § 160.102(a). HIPAA allows for disclosure of medical information in the course of administrative or judicial proceedings. *See* 45 C.F.R. § 164.512(e)(1). HIPAA does not provide a basis for shielding from public view a litigant's medical condition placed in issue in a case. The request to seal also does not articulate how failing to seal documents in this case would result in a substantial probability that a compelling interest would be harmed or how disclosure of the information could place plaintiff or anyone else in danger.

Plaintiff also fails to state the authority for sealing all Yolo County Child Welfare Services records and police records for her minor child. The Court could not identify legal authority to seal these records based on the citation Plaintiff has cited, in violation of Local Rule

141(b). Additionally, Plaintiff has failed to send to the Court the documents requested to be covered under the motion to seal to either the Court's proposed orders email inbox or hand-delivered to chambers. L.R. 141(b).

In accordance with above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to file under seal (ECF No. 46) is DENIED.

Dated: 04/20/26

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, mand23cv2835

3