UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YANAH MANDUJANO,

          Plaintiff,

    v.

KATHERINE LESTER, et al.,

          Defendants.

No. 2:23-cv-02385-DJC-CKD

ORDER

Pending before the Court is Plaintiff's Motion for Relief from Judgment (ECF No. 45) under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(2). This Court previously entered judgment in favor of Defendants (ECF No. 44) after dismissing the action for failure to prosecute after Plaintiff failed to file an amended complaint within the allotted timeframe (Sept. Order (ECF No. 43)). As of date, Plaintiff has yet to file an amended complaint or submit a proposed amended complaint.

Plaintiff first that relief from judgment is proper because Plaintiff inadvertently failed to request records from the Sacramento Department of Child, Family and Adult Services before September 23, 2025. "Rule 60(b)(1) permits a court to reopen a judgment for mistake, inadvertence, surprise or excusable neglect so long as the motion is filed within a reasonable time, and, at most, one year after the entry of the

order under review." *Kemp v. United States,* 596 U.S. 528, 531 (2022) (citations and internal quotations omitted).  Here, Plaintiff's alleged mistake does not explain why Plaintiff failed to file an amended complaint by the date directed by the Court or why Plaintiff has yet to file an amended complaint.  As such, the DENIES Plaintiff's Motion under Rule 60(b)(1).

Plaintiff also argues that under Federal Rule of Civil Procedure 60(b)(2), relief from judgment is proper because information involving an account of a conversation between a Davis Police Officer and an on-call social worker discussing whether a report should be investigated by Yolo County Child Welfare Services was newly discovered.  Plaintiff argues that this new evidence was extremely relevant for the claims against the police for a pattern of practice of discrimination under the ADA and negligence.  Rule 60(b)(2) requires the moving party to show the evidence relied on constitutes newly discovered evidence, exercise due diligence to discover this evidence, and show that the newly discovered evidence would likely have changed the disposition of the case.  *Marroquin v. City of Los Angeles,* 112 F.4th 1204, 1217 (9th Cir. 2024) (cleaned up).  A motion under Rule 60(b)(2) must be made "no more than a year later after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Here, the evidence Plaintiff discusses does not rise to the "magnitude" needed to demonstrate that "the production of it earlier would have been likely to change the disposition of the case."  *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.3d 208, 211 (9th Cir. 1987).  Thus, the Court DENIES Plaintiff's Motion under Rule 60(b)(2).

IT IS SO ORDERED.

Dated:   **May 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2