UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YANAH MANDUJANO,

Plaintiff,

v.

KATHERINE LESTER, et al.,

Defendants.

No. 2:23-cv-02385-DJC-CKD (PS)

ORDER

(ECF No. 50.)

Presently before the Court is pro se Plaintiff Yanah Mandujano's motion to disqualify the undersigned. (ECF No. 50.) For the reasons set forth below, Plaintiff's motion is denied.[1]

**BACKGROUND**

Plaintiff filed her original complaint on October 19, 2023. (ECF No. 1.) Plaintiff filed a First Amended Complaint against Defendants Katherine Lester, Darren Pytel, Rob Bonta, and Stacey Horigan on March 5, 2024. (ECF No. 16.) On September 18, 2024 Defendants City of Sacramento, Lester, and City of Davis moved to dismiss the First Amended Complaint noticed for hearing on November 13, 2024 and December 18, 2024, respectively. (ECF Nos. 27-28.) On

[1] Federal Magistrate Judges have the authority rule on motions to disqualify themselves. Dev v. Donahoe, 668 F. App'x 815, 816 (9th Cir. 2016) ("The Magistrate Judge did not err in denying Dev's motion to disqualify himself.").

September 24, 2024, Defendant Rob Bonta filed a motion to dismiss the complaint under Rule 12(b)(6), or alternatively, a motion for a more definite statement under Rule 12(e) noticed for hearing on November 13, 2024. (ECF No. 30.) Plaintiff never filed a timely opposition. See Docket. On October 22, 2024, the undersigned vacated the hearings noticed for November 13, 2024 and December 18, 2024 and directed Plaintiff to file a written opposition or statement of non-opposition within 14 days. (ECF No. 33.) On December 6, 2024, Plaintiff filed a motion to continue the hearing date. (ECF No. 34.) On December 13, 2024, the undersigned issued a minute order submitting the motions to dismiss due to Plaintiff's failure to file an opposition and denying the motion to continue the hearing date. (ECF No. 35.) On March 25, 2025, the undersigned issued an order granting Defendants' motions to dismiss the First Amended Complaint with leave to amend. (ECF No. 36.) Plaintiff was given thirty (30) days from the date of service of the Court's order to file an amended complaint. (ECF No. 36.)

On May 16, 2025, Plaintiff filed a notice of an interlocutory appeal. (ECF No. 38.) On July 24, 2025, Plaintiff's appeal was dismissed for lack of jurisdiction. (ECF No. 41.) On September 3, 2025, the District Court adopted the undersigned's findings and recommendations and dismissed the action for failure to prosecute. (ECF No. 43.)

On October 20, 2025, Plaintiff filed a motion for relief from judgment and a motion to file under seal. (ECF Nos. 45, 46.) On December 23, 2025, Plaintiff's motion to file under seal was referred to the undersigned, which was denied on April 20, 2026. (ECF Nos. 47, 48.)

On May 6, 2026, Plaintiff filed a motion for disqualification and reassignment of the undersigned. (ECF No. 50.) On May 8, 2026, the matter was referred to the undersigned. (ECF No. 51.)

## LEGAL STANDARD

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be

questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotation marks omitted).

**DISCUSSION**

On May 6, 2026, Plaintiff filed the pending motion tiled "Motion for Disqualification and Reassignment of the Magistrate Judge." (ECF No. 50.) Plaintiff alleges that the undersigned had knowledge of disputed evidentiary facts that concern matters of the case, which warrants disqualification under 28 U.S.C. § 455(b)(1). Id. at 3. Plaintiff alleges that the undersigned was assigned to the matter of Friends of Amador County v. Salazar, erroneously cited to 2:10-cv-0038-WBS-CKD [(E.D. Cal.)], where Plaintiff's grandmother was a party to the case and American Indian tribal recognition was a central issue. Id. at 2.

Plaintiff alleges that due to the undersigned's involvement in the prior matter, she must be disqualified in the current action because the FAC alleged violations to Plaintiff's rights under the Indian Child Welfare Act of 1978. Id. at 3. In establishing bias, Plaintiff must show that knowledge of disputed evidentiary facts comes from "an extrajudicial source and resulting in an opinion on the merits other than what the judge has learned from [her] participation in the case." U.S. v. Baker, 441 F. Supp. 612, 616 (M.D. Tenn. 1977) (citations omitted). Plaintiff has failed to do so here. Therefore, Plaintiff has failed to allege facts that a reasonable person with knowledge of all the facts would conclude the undersigned's impartiality might be questioned and denies Plaintiff's motion for disqualification and reassignment. See Studley, 783 F. 2d at 939.

**CONLCUSION**

Accordingly, it is HEREBY ORDERED that plaintiff's motion to disqualify the undersigned (ECF No. 50) is DENIED.

Dated: 08/26/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, mand.23cv2385.dq